FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 8:49 am, Dec 28, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

PETER PHILLIP HENDERSON,

    Plaintiff,

  v.

TIMOTHY C. WARD, et al., all in their individual and official capacities,

    Defendants.

CIVIL ACTION NO.: 5:20-cv-45

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 1-15, 1-16. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this claim under § 1983, alleging violations of his constitutional rights based on Defendants' denial of parole and refusal to place him in a transitional center. Doc. 1 at 5; Doc. 1-16 at 2–3. Plaintiff asserts he requested placement in a transitional center because he

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Docs. 1, 1-15, 1-16. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

does not have an address, as required for parole.  Doc. 1-16 at 2.  Plaintiff relied on various representations from prison officials when applying for placement in transitional center prior to his tentative parole month.  Id. at 2–3.  Nevertheless, officials denied his repeated requests for placement in a transitional center.  Id.; Doc. 1 at 5.  Consequently, his parole was denied.  Doc. 1 at 5; Doc. 1-16 at 2–3.  Plaintiff has repeatedly tried to contact a number of Defendants and exhausted the prison's grievance process in an attempt to secure housing in a transitional center and be paroled.  Doc. 1 at 7; Doc. 1-16 at 2–3; Docs. 1-3 through 1-11.  Plaintiff claims the denial of parole has caused him mental injury and emotional distress, as well as physical injury.  Doc. 1 at 5.  Plaintiff sues all Defendants in their individual and official capacities.  Id. at 2–3.  Plaintiff seeks monetary relief, as well as a temporary restraining order.  Doc. 1 at 5; Doc. 1-15.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251

2

F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.     Official Capacity Claims

Plaintiff is suing Defendants in their official capacities for monetary damages.  Doc. 1.  Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections.  The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

**II.     Due Process Claim**

Plaintiff brings a claim based on Defendants' refusal to place him in a transitional center and parole him, essentially alleging Defendants violated his Fourteenth Amendment rights. Doc. 1 at 5; Doc. 1-16 at 2–3.  The Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "The types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited; . . . an individual claiming a protected liberty interest must have a legitimate claim of entitlement to it."  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).  On the issue of parole, the United States Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).

While states do have the power to create a liberty interest in parole that is subject to the protections of the Due Process Clause, see id. at 12, this has not happened in Georgia.  The Eleventh Circuit Court of Appeals has concluded there is no protected liberty interest in Georgia's parole system.  Sultenfuss v. Snow, 35 F.3d 1494, 1502–03 (11th Cir. 1994).  Further, inmates do "not have a liberty interest in . . . transitional centers . . . ."  Biester v. Lanier, 249 F. App'x 782, 783 (11th Cir. 2007).  As such, Plaintiff cannot assert a due process claim based Defendants' failure to place him in a transitional center or to otherwise grant him parole.

A claim may, however, arise if the parole board "engage[d] in 'flagrant or unauthorized action[,]'" thus, acting "arbitrarily and capriciously in violation of due process."  Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991) (holding parole board violated due process when it relied on false information in plaintiff's file) (quoting Thomas v. Sellers, 691 F.2d 487, 489

4

(11th Cir. 1982)).  Plaintiff's allegations do not describe unauthorized or arbitrary action by the parole board, nor does Plaintiff point to any actual fraudulent records.  As a result, Plaintiff fails to state a claim.  I, therefore, **RECOMMEND** the Court **DISMISS** Plaintiff's claim.

### III. Plaintiff's Request for Temporary Restraining Order

Plaintiff requests a temporary restraining order and attaches a proposed order.  Doc. 1-15.  However, if the Court adopts my recommendation to dismiss Plaintiff's underlying claim, Plaintiff's Motion will be moot.  Accordingly, the Court should **DENY as moot** Plaintiff's Motion for a Temporary Restraining Order.

### IV. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka,

314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA