# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

FILED
John E. Triplett, Acting Clerk
United States District Court
By CAshell at 3:12 pm, Jan 26, 2021

| | | |
|---|---|---|
| PETER PHILLIP HENDERSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:20-cv-45 |
| | * | |
| v. | * | |
| | * | |
| TIMOTHY C. WARD, et al., all in their individual and official capacities, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated December 28, 2020. Dkt No. 10. In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's complaint in its entirety for failure to state a claim, direct the Clerk of Court to close the case and enter the appropriate judgment of dismissal, and deny Plaintiff leave to proceed *in forma pauperis*. Id. at p. 1. Additionally, the Magistrate Judge recommended the Court deny as moot Plaintiff's Motion for Temporary Restraining Order. Id. at p. 5.

Plaintiff alleges Defendants violated his constitutional rights by denying him parole and refusing to place him in a transitional center, suing Defendants in their official and

individual capacities. Dkt. No. 1, p. 5; Dkt. No. 1-16, pp. 2-3. In the Magistrate Judge's Report and Recommendation, he first recommends the Court dismiss all official capacity claims for monetary damages based on the State of Georgia's Eleventh Amendment immunity. Dkt. No. 10, p. 3. Further, the Magistrate Judge explained Plaintiff's Fourteenth Amendment due process claim failed because Plaintiff could not point to unauthorized or arbitrary action by Defendants or allege Defendants relied on fraudulent records when denying him parole, as required for his claim. Id. at pp. 4-5.

In his Objections to the Report, Plaintiff asserts the Magistrate Judge incorrectly dismissed his Complaint. Dkt. No. 11. Plaintiff argues his Complaint should not be dismissed because Defendants acted deliberately indifferent by using gross negligence in supervising subordinates, who were committing wrongful acts. Id. at p. 1. Plaintiff relies on Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995), for support. Further, Plaintiff alleges Defendants violated his Eighth Amendment right to be free from cruel on unusual punishment, because without placement in a transitional center, he would be homeless, thus, prohibiting parole. Id. at p. 2. Finally, Plaintiff states he has a statutory right to parole but Defendants' actions denied him this right. Id. at p. 3.

2

Plaintiff's objections are without merit. First, as the Magistrate Judge explained, there is no constitutional right to parole or placement in a transitional center. Dkt. No. 10, p. 4. Though Plaintiff argues <u>Colon</u> supports his claim, Plaintiff is incorrect. <u>Colon</u> is not binding precedent in this Circuit and its abrogation has been recognized by the Second Circuit. <u>See</u> <u>Tangreti v. Bachman</u>, ___F.3d___, 2020 WL 7687688, at *4-5 (2d Cir. Dec. 28, 2020) (noting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662(2009), called into question the holding in <u>Colon</u> regarding supervisory liability). Moreover, <u>Colon</u> involved an access to court claim and does not provide insight into whether, in this Circuit, Plaintiff can bring a claim against Defendants for denying him parole and refusing to place him in a transitional center. In fact, Plaintiff has pointed to no case law nor made any argument indicating he should be permitted to proceed on this claim.

Further, as laid out in the Report and Recommendation, a claim may arise if Defendants take unauthorized or arbitrary action or rely on fraudulent records when denying parole. <u>Id.</u> at pp. 4-5. Plaintiff, in his Objections, again fails to allege Defendants took unauthorized or arbitrary action or relied on fraudulent records. Instead, Plaintiff now argues Defendants' denial of parole violated his Eighth Amendment rights. This argument is without merit, and the Magistrate Judge correctly

3

AO 72A
(Rev. 8/82)

evaluated Plaintiff's claim under the Fourteenth Amendment. Accordingly, the Court **OVERRULES** Plaintiff's Objections.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's Complaint in its entirety, **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and close the case, and **DENIES** Plaintiff leave to proceed on appeal *in forma pauperis*. Additionally, the Court **DENIES as moot** Plaintiff's Motion for a Temporary Restraining Order.

**SO ORDERED**, this 25 day of January, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA